Alexandra Campo
*Plaintiff, pro se*
PO Box 40
Weir, Tx 78674
512-790-8774
acampo0312@gmail.com



## UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **ALEXANDRA CAMPO**, as next friend of **A.C** and **A.C.** <br><br> Plaintiff, <br><br> v. <br><br> **GEORGETOWN INDEPENDENT SCHOOL DISTRICT, STEPHANIE BLANCK** operating in her individual capacity, **FRED BRENT** operating in his individual capacity, **ELIZABETH MCFARLAND** operating in her individual capacity, **MELANIE DUNHAM** operating in her own capacity, **MARCOS GONZALAZ** operating in his own capacity, **BEN STEWART** operating in his own capacity, **SCOTT STRIBLIING** operating in his own capacity, and **ANDY WEBB** operating in his own capacity. <br><br> Defendant. | Case No.: **W21CA311** <br><br> **COMPLAINT** <br> (discrimination) <br><br> 42 USC 1983 <br><br> **AMOUNT PRAYED FOR:** <br> $200,000 |

**PARTIES:**

Plaintiff, ALEXANDRA CAMPO, *pro se*, as next friend of A.C. and A.C. the minors involved in this case. All parties reside in Williamson County, Texas. Plaintiff requests that the case be retained in the Western District of Texas Waco Division for concern over bias.

**COMPLAINT**, page 1 of 6

Defendants are as follows:

GEORGETOWN INDEPENDENT SCHOOL DISTRICT located in Georgetown, Tx;

STEPHANIE BLANCK who resides in Williamson County, Texas.

FRED BRENT who resides in Williamson County, Texas.

ELIZABETH MCFARLAND who resides in Williamson County, Texas.

MELANIE DUNHAM who resides in Williamson County, Texas.

MARCOS GONZALAZ who resides in Williamson County, Texas.

BEN STEWART who resides in Williamson County, Texas.

SCOTT STRIBLIING who resides in Williamson County, Texas.

ANDY WEBB who resides in Williamson County, Texas.

Unless each party is named individually, the entire group of defendants are referred to herin collectively as Defendants.

1.

**JURISDICTION:** This Court has original jurisdiction of the federal claim contained in this Complaint pursuant to 28 USC 1331. Jurisdiction is proper in this court because: all events occurred in Georgetown, Texas. Plaintiff has significant concerns relating to bias and asks that the court keep the case in the Western District of Texas in the Waco Division. Plaintiff is a resident of Georgetown, Texas and Defendants operate in Georgetown, Texas. The events giving rise to the Complaint occurred in the Western District of Texas.

2.

On March 9, 2021, Plaintiff sent an email to the Defendants requesting more information relating to why the mask mandates were still being enforced in the public school district despite case numbers continuing to drop and Governor Abbot rescinding the mask mandate orders. Plaintiff provided Defendants with some resources in the email, asked for a conversation, and requested to meet in person or have a phone conversation to discuss the matter. Plaintiff provided an article from John Hopkins that was published in the fall of 2020 and an interview with Dr. Lee Merritt who is the former president of the Association of American Physicians and Surgeons (AAPS), and former board member of the Arizona Medical Association.

3.

On March 9, 2021, Plaintiff received an email from Fred Brents secretary informing the

Plaintiff that she would be receiving contact from someone on their leadership team.

4.

On March 22, 2021, Plaintiff emailed the secretary of Fred Brent as well as the Defendants directly stating no responses have been sent by the Defendants to give clarity to the Plaintiff in being able to understand the stance the Defendant has taken in continuing to force A.C. and A.C. to wear masks while attending a public school. Plaintiff clarified in the email that the Plaintiff was informed by the principal of A.C. and A.C.'s school that the school staff was to be fully vaccinated by March 26, 2021 should they choose to be. Plaintiff again expressed concern that the Defendant is not responding and provided more information from the World Health Organization and the National Institute of Health.

5.

On March 22, 2021, Fred Brent emailed the Plaintiff with a simple response that had no substance. There was no science to validate the mandates, there was no response about the school staff being vaccinated, nor a response relating to any schools fully opening when staff has been able to be fully vaccinated.

5.

On March 23, 2021, Plaintiff emailed the Defendant again to further understand where the science relating to masks being an effective means of containing a viral respiratory illness when a school has been able to be fully vaccinated should they chose to be. Plaintiff again expressed concern relating to the lack of response and substance relating to a decision that directly impacts the A.C. and A.C.'s physical, academic, social, and psychological health.

6.

On March 26, 2021, Plaintiff still had received no response from the Defendant. Due to the Defendants lack of response, lack of substance in the one time they responded, there being no mask mandate for the state of Texas, and the Plaintiff's children being exempt from the mask mandate per the Texas Education Association's statement on 12 March 2021 stating children 10 and under are not required to wear a mask, the Plaintiff put the Defendant on notice that should they continue to force the A.to wear masks when the school staff has been vaccinated, the Texas Education Agency states they're exempt, and refused to have a conversation with the Plaintiff despite numerous requests to have one, Plaintiff informed the Defendant that if they refuse the

Plaintiffs children access to their federally funded school, then the Defendant will be violating the following civil rights against the Plaintiff's children: Title III Reg 28 CFR §36.104 ,Title III Reg 28 CFR §36.202 , Title III Sections §36.202(a)(b)(c) and §36.203(a)(b)(c). The policy the Defendant has instilled is a direct violation against A.C. and A.C. according to Monell v. Department of Social Services, 436 U.S. 658 (1978) who is enforcing policies that is discriminatory against A.C. and A.C., one of which is in Special Education. The defendant was provided research journals whose publication dates spanned from 2009 through 2020 that performed randomized clinical trials looking at how to keep health care practitioners, and some included the families, healthy during the flu and cold season. There were no conclusive evidence that the N95 or surgical masks protected the wearer from a viral respiratory illness.

7.

On March 29 and 30, 2021, the A.C. and A.C. are being discriminated against by the Defendant from being able to participate inside the public school without a mask, being forced to remote learn, being denied special education services, and being refused transportation which includes special education transportation. A.C. and A.C. are healthy, they are not a threat, they have not been exposed to covid 19, they are not experiencing symptoms of covid 19, and are experiencing significant emotional and academic detriment by the discrimination placed on them by the Defendant.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

**COMPLAINT**, page 4 of 6

## CLAIMS FOR RELIEF
## FIRST CLAIM FOR RELIEF

(discrimination under the 5th and 14th Amendments)

11.

Plaintiff re-alleges and incorporates Paragraphs 1-7 as if fully set forth here.

12.

As a direct result of Defendants discriminatory policies enforced by the Defendant, A.C. and A.C. has sustained the following damages: A.C. and A.C. are experiencing significant emotional stress and disruption as they are being forced to be kept from functioning in their school while being no threat. They are experiencing significant academic interference to include one of the Plaintiff's children being a protected member under the American's with Disabilities Act (ADA) as he qualifies for special education and neither A.C. and A.C. are receiving adequate academic instruction. A.C., a child who is in Special Education, is not receiving services through the special education program as he is deemed medically eligible to receive. Under the 5th Amendment A.C. and A.C. are being deprived of their individual right to "life and liberty," to not be allowed to function in their public school district without interference as there is no government mandate nor could the Defendant provide evidence of forcing the mask mandate nor does the Texas Education Agency require the Plaintiffs children to be masked and the children's school staff have been vaccinated for those that wanted it as of March 26, 2021. The 14th Amendment outlines the discrimination relating to equal protection as the Defendant continued to ignore requests for a discussion to why they felt the need to mandate the mask wearing when A.C. and A.C. are not a threat deemed by the law. A.C. and A.C. have sustained significant emotional harm, emotional suffering, academic loss, humiliation, and inconvenience in the amount of $170,000.

//
//
//
//
//
//
//

## PRAYER FOR RELIEF

13.

WHEREFORE, Plaintiff requests the following relief:

-A money award judgment entered against Defendants in the amount of $60,000 for inconvenience, $70,000 in expected bills to aid A.C. and A.C. to recover emotionally, and $70,000 in expected tutoring costs to compensate for being refused a proper academic setting.

-A money award for Plaintiff's costs and disbursements associated with bringing this action.

-Any and all other relief the Court deems just and reasonable under the circumstances.

Respectfully submitted on: March 30, 2021

By: _____

Alexnadra Campo
Plaintiff, pro se
PO Box 40
Weir, Tx 78674
512-790-8774
acampo0312@gmail.com